**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, OR 97204
Tel: (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

**Michael Zhang**, OSB No. 185180
5020 Martin Luther King Jr. Blvd., Ste. S
Portland, OR 97211
Tel: (908) 938-6683
michael@qiu-qiulaw.com

*Attorneys for Plaintiff*
*(Additional counsel listed on signature page)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| ALMORN ANTHONY BRACKETT,<br><br>                              Plaintiff,<br><br>                    *v.*<br><br>WASHINGTON COUNTY, OREGON,<br><br>                              Defendant. | Case No.  3:26-cv-554<br><br>**CLASS ACTION COMPLAINT**<br><br>**42 USC §1983 (Takings and Excessive Fines); Or. Const. Art. 1, §18**<br><br>JURY TRIAL DEMAND |

1.      Defendant Washington County (the "County") had a longstanding policy of seizing properties on which property tax was owed, then either (a) retaining the properties and failing to justly compensate the former property owners for real market value that substantially exceeded the tax debts, or (b) selling the properties for substantially more than the tax debts and failing to justly compensate the former owners for the surplus. The County's policy deprived the property-interest holders of the equity that belonged to them. In May 2023, the United States Supreme Court

Page 1 - CLASS ACTION COMPLAINT

unanimously held that this kind of policy, which was at that point practiced in only a few states, violates the Takings Clause of the Fifth Amendment to the United States Constitution. *See Tyler v. Hennepin County*, 598 U.S. 631 (2023).

2.      Plaintiff Almorn Anthony Brackett owned two parcels of land in Washington County. After Brackett accrued a total of $631.98 in unpaid property taxes on the properties, Washington County seized the properties and have so far retained them. The combined real market value of the properties is $14,350. Consistent with the County's longstanding policy, it has not compensated Brackett for the surplus value of the properties.

3.      Brackett seeks monetary damages on behalf of himself and all others similarly situated for violations of their rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under Article 1, Section 18 the Oregon Constitution.

## PARTIES

4.      Almorn Anthony Brackett is an adult citizen of the State of Arizona. He brings this suit in his individual capacity.

5.      Washington County is a legal entity formed and/or existing under the laws of the State of Oregon and is controlled or operated by its duly designated Board of County Commissioners.

## JURISDICTION AND VENUE

6.      The federal claims in this Complaint arise under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and, as a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      This Court has supplemental jurisdiction over Plaintiff's Oregon constitutional claims pursuant to 28 U.S.C § 1367 and the principles of pendent jurisdiction.

Page 2 - CLASS ACTION COMPLAINT

8.    None of Plaintiff's claims are torts requiring a notice of claim under Oregon Revised Statutes § 30.275.

9.    Venue is proper under 28 U.S.C. § 1391 because the County is a political subdivision located in this District and the events giving rise to this Complaint occurred in this District.

10.    Pursuant to Local Civil Rule 3-2, this action is properly assigned to the Portland Division of this District.

## STATEMENT OF FACTS

11.    Plaintiff owned two parcels of land in Washington County, Oregon (collectively, the "Properties").

12.    The first parcel is located on NW Gales Creek Road, in Gales Creek, Oregon, and is designated as Tax Lot ID No. 1N4060000800 (the "Gales Creek Property").

13.    The second parcel is located at SW 139th Avenue and SW 6th Street in Beaverton, Oregon, and is designated as Tax Lot ID No. 1S116CA01400 (the "Beaverton Property").

14.    On October 13, 2021, a court entered a foreclosure judgment finding that delinquent taxes, interest, and fees ("tax debts") totaling $486.86 had accrued on the Gales Creek Property.

15.    The real market value of the Gales Creek Property was at least $10,950.

16.    On October 13, 2021, a court entered a foreclosure judgment finding that tax debts totaling $145.12 had accrued on the Beaverton Property.

17.    The real market value of the Beaverton Property was at least $3,400.

18.    Under Oregon Revised Statutes § 312.120, Plaintiff had two years to "redeem" the Properties by paying the delinquent tax debts.

19.    Plaintiff did not do so.

Page 3 - CLASS ACTION COMPLAINT

20.     Once the two-year redemption period ended, Plaintiff was entitled to compensation from the County for the difference between the total tax debts on the Properties and the total real market value of the Properties.

21.     However, the County did not then offer any process that would have allowed Plaintiff to obtain such compensation.

22.     The County has not paid Plaintiff such compensation.

23.     The County's website tells visitors looking for information about "Delinquent Tax[es]" on "Real Property" that "[a]ll ownership rights are lost" after the end of the two-year redemption period. *See* Washington County, Oregon, *Delinquent Tax Timelines - Real Property*, https://perma.cc/3G3T-MM8D (archived Nov. 20, 2025).

24.     The County has in identical fashion, and pursuant to its longstanding policy, failed to justly compensate former property owners the surplus value or proceeds from the retention or sale of other properties that were seized because of unpaid tax debts.

## CLASS ACTION ALLEGATIONS

### Plaintiff Class

25.     Plaintiff requests that this Court enter an order certifying this action as a class action on behalf of a proposed Plaintiff Class pursuant to Rules 23(a), 23(b)(1)(A), 23(b)(1)(B), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

26.     Plaintiff requests certification of the "Plaintiff Class" defined as follows:

> All persons and entities, and any of their heirs or successors in interest, who owned or had an ownership interest in real property that the County seized through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties ("tax debt"), where the post-foreclosure redemption period ended between October 12, 2017, and the trial date in this action, and where the County (a) sold the property for more than the amount necessary to satisfy the tax debt and retained such surplus proceeds, or (b) retained the property, and the property's real market value exceeded the tax debt.

Page 4 - CLASS ACTION COMPLAINT

27.     Excluded from the Plaintiff Class are the County, the presiding Judge and Court staff assigned to this case, the U.S. Department of Treasury, and the U.S. Internal Revenue Service. Plaintiff reserves the right to modify or amend the Plaintiff Class definition, as appropriate, during the course of this litigation.

28.     The class members are readily ascertainable: the names and relevant records concerning the class members are in the County's possession.

*Numerosity*

29.     The Plaintiff Class includes dozens of members, possibly more than one hundred.

30.     Undersigned counsel have identified several dozen people who had their real properties seized and sold or retained by the County in the same manner as Plaintiff since 2017.

31.     Because joinder of dozens or hundreds of plaintiffs would be impracticable, the proposed class satisfies the numerosity requirement.

*Commonality*

32.     Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over questions affecting only individual class members.

33.     Such common questions of law or fact include but are not limited to:

a.     Whether the County has or had a policy of seizing properties to satisfy unpaid property tax debts and keeping the surplus market value of the properties or the surplus proceeds from sales of the properties.

b.     Whether such a policy violates the United States Constitution's prohibition on the government's taking of property without paying just compensation.

c.     Whether such a policy violates the United States Constitution's prohibition on excessive fines.

d.     Whether such a policy violates the Oregon Constitution.

Page 5 - CLASS ACTION COMPLAINT

*Typicality*

34.     Plaintiff's claims are typical of the claims of the members of the Plaintiff Class, and he has the same interests in this case as all other members of the Plaintiff Class.

35.     Plaintiff and all members of the Plaintiff Class suffered the same type of injury—namely, the County retained all surplus value or proceeds after retaining or selling their former properties, failing to provide just compensation.

*Adequacy*

36.     Plaintiff is capable of fairly and adequately protecting the interests of the Plaintiff Class because he does not have any interests antagonistic to the Class.

37.     There are no known conflicts of interest among members of the Plaintiff Class, all of whom have a similar interest in vindicating their constitutional rights.

38.     Plaintiff's counsel are experienced class-action litigators and have invested significant time and resources investigating and litigating the unlawful policies and practices challenged herein.

*Predominance and Superiority*

39.     Class treatment is appropriate under Rule 23(b) because common questions of law and fact predominate over individual ones, and a class action is the only practicable way—and, therefore, the superior way—of resolving this case.

40.     For Plaintiff, as well as for the members of the Plaintiff Class, this case turns on what the County's policies and practices were and whether those policies were lawful.

41.     The common questions discussed above are dispositive questions in the case of every member of the Plaintiff Class and will predominate over any individual questions.

42.     The issue of liability can therefore be determined on a class-wide basis. Class-wide treatment of liability, rather than individual suits by dozens of members of the Plaintiff Class, is a

far superior method of determining the substance and legality of the County's scheme.

43. Issues of damages also will be driven by class-wide determinations of common questions. To the extent that individual damages will vary, they will vary depending on the amount of surplus value or proceeds the County retained.

44. These damages can be readily determined in a ministerial fashion based on the County's records.

## Defendant Class

45. Plaintiff also requests that this Court enter an order certifying this action as a class action against a proposed Defendant Class pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

46. Plaintiff requests certification of the "Defendant Class" defined as follows:

> All counties in Oregon that seized real property through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties ("tax debt"), where the post-foreclosure redemption period ended between October 12, 2017, and the trial date in this action, and where the county (a) sold the property for more than the amount necessary to satisfy the tax debt and retained such surplus proceeds, or (b) retained the property, and the property's real market value exceeded the tax debt.

47. Excluded from the Defendant Class are the presiding Judge and Court staff assigned to this case, the U.S. Department of Treasury, and the U.S. Internal Revenue Service. Plaintiff reserves the right to modify or amend the Defendant Class definition, as appropriate, during the course of this litigation.

### *Numerosity*

48. The Defendant Class includes 36 members who largely acted in a uniform manner by seizing real property subject to tax debt in a manner authorized by state law and then retaining surplus value and sales proceeds.

Page 7 - CLASS ACTION COMPLAINT

49.    Joining these defendants would be impracticable compared to establishing a Defendant Class consisting of the numerous counties that acted in a uniform manner. Prosecuting separate actions by or against the individual Defendant Class members could establish incompatible standards of conduct.

### Commonality

50.    Common questions of law and fact exist as to all members of the Defendant Class and predominate over questions affecting only individual class members.

51.    Examples of such questions are set forth in Paragraph 33, *supra*.

### Typicality

52.    Defendant's defenses are typical of the defenses of the other members of the Defendant Class. Plaintiff and all Plaintiff Class members suffered the same type of injury—namely, the counties retained all surplus value or proceeds after retaining or selling their former properties, failing to provide just compensation.

53.    Defendant and each member of the Defendant Class acted in a consistent and uniform manner when they seized real property subject to tax debt by employing procedures authorized by state law, including ORS Chapter 312, and then retained surplus value and sales proceeds.

### Adequacy

54.    Defendant is an adequate Defendant Class representative because its interests do not conflict with the interests of the Defendant Class members it would represent. Each county in the Defendant Class retained surplus proceeds or value from real property foreclosed upon within that specific county. Members of the Defendant Class share the same defenses and enjoy the same benefits from their unconstitutional conduct.

*Predominance and Superiority*

55.    Class treatment is appropriate because common questions of law and fact predominate over individual ones, and a class action is the only practicable way—and, therefore, the superior way—of resolving this case.

56.    For Defendant, as well as for the members of the Defendant Class, this case turns on what the counties' policies and practices were and whether those policies were lawful.

57.    The common questions discussed above are dispositive questions in the case of every member of the Defendant Class and will predominate over any individual questions.

58.    The issue of liability can therefore be determined on a class-wide basis. Class-wide treatment of liability, rather than individual suits against dozens of counties, is a far superior method of determining the substance and legality of the counties' uniform schemes.

59.    Issues of damages also will be driven by class-wide determinations of common questions. To the extent that individual damages will vary, they will vary depending on the amount of surplus value or proceeds each county retained.

60.    These damages can be readily determined in a ministerial fashion based on the counties' records.

## CLAIM FOR RELIEF

### Count I

### Unlawful taking in violation of the Fifth and Fourteenth Amendments
### to the United State Constitution under 42 U.S.C. § 1983

### Against Defendant and the members of the Defendant Class

61.    Plaintiff realleges and incorporates herein by reference all preceding paragraphs.

62.    Plaintiff brings this claim on his own behalf and on behalf of the members of the Plaintiff Class against Defendant and the members of the Defendant Class.

63.     Defendant and the members of the Defendant Class, acting under color of law and pursuant to longstanding policy, unconstitutionally kept the surplus value they obtained from taking and retaining or selling the real property of Plaintiff and the members of the Plaintiff Class.

64.     Defendant and the members of the Defendant Class have not justly compensated or offered to justly compensate Plaintiff and the members of the Plaintiff Class for the surplus value or proceeds they retained.

65.     Plaintiff and the members of the Plaintiff Class have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

66.     Defendant and the members of the Defendant Class are liable for violating the constitutional rights of Plaintiff and the members of the Plaintiff Class under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

## Count II

**Excessive fines in violation of the Eighth and Fourteenth Amendments
to the United State Constitution under 42 U.S.C. § 1983**

**Against Defendant and the members of the Defendant Class**

67.     Plaintiff realleges and incorporates herein by reference all preceding paragraphs.

68.     Plaintiff brings this claim on his own behalf and on behalf of the members of the Plaintiff Class against Defendant and the members of the Defendant Class.

69.     The Eighth Amendment to the United States Constitution, incorporated against the State of Oregon by the Fourteenth Amendment, prohibits the imposition of excessive fines.

70.     Defendant and the members of the Defendant Class, acting under color of law and pursuant to longstanding policy, unconstitutionally kept the surplus value they obtained from taking and retaining or selling the real property of Plaintiff and the members of the Plaintiff Class.

71.     Defendant and the members of the Defendant Class have not justly compensated or

offered to justly compensate Plaintiff and the members of the Plaintiff Class for the surplus value or proceeds they retained.

72.    Plaintiff and the members of the Plaintiff Class have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

73.    Defendant and the members of the Defendant Class are liable for violating the constitutional rights of Plaintiff and the members of the Plaintiff Class under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

## Count III

### Unlawful taking in violation of Article I, Section 18 of the Oregon Constitution

### Against Defendant and the members of the Defendant Class

74.    Plaintiff realleges and incorporates herein by reference all preceding paragraphs.

75.    Plaintiff brings this claim on his own behalf and on behalf of the members of the Plaintiff Class against Defendant and the members of the Defendant Class.

76.    Defendant and the members of the Defendant Class, acting under color of law and pursuant to longstanding policy, unconstitutionally kept the surplus value they obtained from taking and retaining or selling the real property of Plaintiff and the members of the Plaintiff Class.

77.    Defendant and the members of the Defendant Class have not justly compensated or offered to justly compensate Plaintiff and the members of the Plaintiff Class for the surplus value or proceeds they retained.

78.    Plaintiff and the members of the Plaintiff Class have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

79.     Defendant and the members of the Defendant Class are liable for violating the constitutional rights of Plaintiff and the members of the Plaintiff Class under Article I, Section 18 of the Oregon Constitution.

## JURY DEMAND

80.     For all triable issues, a jury is hereby demanded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the proposed Plaintiff Class, demands a jury trial for all triable issues and request that this Court order the following relief:

a.    certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, designating Plaintiff as a representative for the Plaintiff Class and undersigned counsel as class counsel;

b.    certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, designating Defendant as a representative for the Defendant Class;

c.    enter a judgment compensating Plaintiff and the members of the Plaintiff Class for the damages they suffered as a result of the unconstitutional and unlawful conduct of Defendant and the members of the Defendant Class, in an amount to be determined at trial;

d.    award pre- and post-judgment interest as permitted by law;

e.    enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

f.    grant such other and further relief as this Court deems just and proper.

DATED this 23rd day of March, 2026.

*/s/ David F. Sugerman*

**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, OR 97204
Tel: (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

**Gregory P. Hansel** (admitted *pro hac vice*)
**Shana M. Solomon**
**Elizabeth F. Quinby** (admitted *pro hac vice*)
**Michael D. Hanify**
PRETI FLAHERTY BELIVEAU
& PACHIOS, CHARTERED, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Tel: (207) 791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com
mhanify@preti.com

**Joseph C. Kohn** (admitted *pro hac vice*)
**William Hoese**
**Zahra R. Dean** (admitted *pro hac vice*)
KOHN SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
T: (215) 238-1700
jkohn@kohnswift.com
zdean@kohnswift.com
whoese@kohnswift.com
ekohn@kohnswift.com

**David H. Fink**
**Nathan J. Fink** (admitted *pro hac vice*)
FINK BRESSACK
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

**Akeeb Dami Animashaun**
355 S. Grand Ave, Suite 2450
Los Angeles, CA 90071
Tel: (929) 266-3971
dami@animashaun.me

**Jacob Loup**
Law Office of Jacob Loup
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Tel: (347) 391-5009
jl@louplaw.com

*Attorneys for Plaintiff Almorn Anthony Brackett*